GITLER v OAKLAND COUNTY REGISTER OF DEEDS

Docket No. 110016. Submitted August 10, 1989, at Lansing. Decided November 7, 1989.

Mortgage foreclosure by advertisement was initiated against John P. and Patricia G. Leonowicz when they defaulted on their mortgage obligation following their divorce. Pat Gitler purchased the property at a sheriff's sale by paying off the mortgage in full. The Leonowiczes each received a sheriff's affidavit informing them that they had one year from the date of sale to redeem the property. Gitler subsequently discovered the property to be vacant. She mailed an affidavit of vacancy to John Leonowicz and, within fifteen days, received responses from both John and Patricia Leonowicz of their intention to occupy the property. Gitler brought an action in Oakland Circuit Court against the Oakland County Register of Deeds and the Leonowiczes. Plaintiff alleged that the Leonowiczes had failed to redeem the property within the thirty-day period of redemption provided by statute for abandoned property on which the mortgage is foreclosed by advertisement. Plaintiff sought to quiet title to the property and prevent the register of deeds from allowing the Leonowiczes to redeem the property. The court, David F. Breck, J., granted summary disposition in favor of the Leonowiczes, ruling that they had one year within which they could redeem the property. Plaintiff appealed.

The Court of Appeals *held:*

1. MCL 600.3240(8); MSA 27A.3240(8) provides for a one-year period of redemption following the sale of property in a mortgage foreclosure by advertisement. However, MCL 600.3240(8); MSA 27A.3240(8) provides that, if the property is determined to be abandoned pursuant to MCL 600.3214a; MSA 27A.3241(1), the redemption period shall be thirty days.

2. Under § 3214a, abandonment cannot be presumed when, within fifteen days of receiving the affidavit of vacancy, the mortgagor gives written notice stating that the premises are

REFERENCES

Am Jur 2d, Mortgages §§ 890, 894.

See the Index to Annotations under Abandonment of Property or Right; Foreclosure; Mortgages; Redemption.

not abandoned. In view of the Leonowiczes' written notices of their intent to occupy, which were given within fifteen days of plaintiff's affidavit of vacancy, plaintiff has failed to satisfy the statutory requirements for presumptive abandonment. The trial court correctly ruled that the period of redemption is one year.

Affirmed.

MORTGAGES — FORECLOSURE BY ADVERTISEMENT — REDEMPTION — ABANDONED RESIDENTIAL PROPERTIES.

A mortgagor of residential property against whom foreclosure by advertisement has been commenced generally has one year from the date of the property's sale in which to redeem the property unless it is determined to be abandoned; if the property is determined to be abandoned pursuant to the statutory requirements for such a determination, the redemption period shall be thirty days (MCL 600.3240[7] and [8], 600.3214a; MSA 27A.3240[7] and [8], 27A.3241[1]).

Pat Gitler, in propria persona.

*Karl W. Randall,* Assistant Corporation Counsel, for the Oakland County Register of Deeds.

*Howard & Howard* (by *Jon H. Kingsepp* and *Reed D. Rubinstein*), for John P. Leonowicz.

Before: MURPHY, P.J., and NEFF and G. S. ALLEN,* JJ.

PER CURIAM. The issue presented here is whether the redemption period on a piece of property purchased at a sheriff's sale is one year from the date of sale pursuant to MCL 600.3240(8); MSA 27A.3240(8) or thirty days from the date of sale pursuant to MCL 600.3240(7); MSA 27A.3240(7).

I

Plaintiff Pat Gitler appeals as of right from an

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

order of dismissal entered by the circuit court following hearing on defendants Leonowicz's motion for summary disposition pursuant to MCR 2.116(C)(8). The circuit court found that the one-year redemption period applies. We affirm.

II

John and Patricia Leonowicz owned the property in question during their marriage. Following their divorce, problems with enforcement of the obligation to pay the mortgage arose, and foreclosure by advertisement was initiated. Plaintiff purchased the property on April 9, 1988, at a sheriff's sale for $7,130, the remainder due on the mortgage. Plaintiff paid the mortgage off in full at the time of purchase. The Leonowiczes received a sheriff's affidavit which informed them that the redemption period on their property was one year after the date of the sheriff's sale.

Plaintiff, after inspecting the property and discovering that no one appeared to be living there, filed an affidavit of vacancy which she mailed to John Leonowicz. Within fifteen days, she received responses from both John and Patricia Leonowicz of their intention to occupy the property until it was sold. On subsequent visits to the home, plaintiff noticed, however, that the property was still not occupied.

Alleging that the property was abandoned and that the redemption period of one month for abandoned property had elapsed, plaintiff brought suit to quiet title in the property and to prevent the Oakland County Register of Deeds from allowing the Leonowiczes to redeem their property. Defendants thereafter brought a motion for summary disposition pursuant to MCR 2.116(C)(8) and maintained that, because the procedure provided in

MCL 600.3241a; MSA 27A.3241(1) to declare residential property abandoned was not followed, the one-month redemption period was inapplicable and the redemption period was one year.

Following a hearing on this motion, the circuit court granted defendants' motion to dismiss and found that plaintiff was not a mortgagee and that the redemption period was one year.

III

Unless otherwise provided in MCL 600.3240; MSA 27A.3240, the redemption period for property foreclosed after advertisement sale is one year. MCL 600.3240(8); MSA 27A.3240(8). MCL 600.3240(7); MSA 27A.3240(7), however, provides that, if property is abandoned as determined pursuant to § 3241a, the redemption period shall be thirty days. Section 3241a provides in pertinent part:

(1) For purposes of this chapter, if foreclosure proceedings have been commenced under this chapter against residential property not exceeding 4 units and not more than 3 acres in size, abandonment of premises shall be conclusively presumed upon satisfaction of the following requirements:

(a) The mortgagee has made a personal inspection of the mortgaged premises and the inspection does not reveal that the mortgagor or persons claiming under the mortgagor are presently occupying or will occupy the premises.

(b) The mortgagee has posted a notice at the time of making the personal inspection and has mailed by certified mail, return receipt requested, a notice to the mortgagor at the mortgagor's last known address, which notices state that the mortgagee considers the premises abandoned and that the mortgagor will lose all rights of ownership 30

days after the foreclosure sale unless the mortga-
gor; the mortgagor's heirs, executor, or administra-
tor; or a person lawfully claiming from or under 1
of them provides the notice required by subdivi-
sion (c).

(c) Within 15 days after receipt of a notice
required by subdivision (b), the mortgagor; the
mortgagor's heirs, executor, or administrator; or a
person lawfully claiming from or under 1 of them
does not give written notice by first-class mail to
the mortgagee at an address provided by the mort-
gagee in the notices required by subdivision (b)
stating that the premises are not abandoned. [MCL
600.3241a; MSA 27A.3241(1)].

Plaintiff contends that she is a mortgagee and
that the thirty-day redemption period applies. We
need not reach the issue whether plaintiff is a
mortgagee because the statutory requirements of
§ 3241a have not been met.

Even if plaintiff is a mortgagee, the facts of this
case reveal that, within fifteen days after receipt
of the affidavit of vacancy from plaintiff, both John
and Patricia Leonowicz gave the required notice
pursuant to § 3241a(c) stating that the premises
were not abandoned. Plaintiff has therefore failed
to satisfy the statutory requirements for presump-
tive abandonment.

Affirmed.